1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

Joyce Dempsey and Sylvia Redding,
individually, and on behalf of other members of
the general public similarly situated,

Plaintiffs,

v.

Raley's a California corporation, and Does 1
through 100,

Defendants.

---------------------------------------------------------

No. 2:22-cv-01506-KJM-DB

ORDER

12
13
14
15
16
17
18
19
20
21
22
23
24
25

Joyce Dempsey, individually, and on behalf of
other members of the general public similarly
situated,

Plaintiff,

v.

Raley's a California corporation, et al.,

Defendants.

No. 2:22-cv-01507-KJM-DB

ORDER

26
27
28

Plaintiffs Joyce Dempsey and Sylvia Redding bring these related employment class
actions. For the reasons below, the court **grants** plaintiffs' motions to remand both matters.

1

I.      **BACKGROUND**

Plaintiffs originally filed two related class employment actions in 2021.  *See Dempsey et al., v. Raley's*, 21-cv-2354 (*Dempsey* I); *Dempsey v. Raley's et al.*, 21-cv-2300 (*Dempsey* II).  This court summarized the history of these cases in a prior order.  Prior Order (Apr. 25, 2022), ECF No. 23 (*Dempsey* I), 17 (*Dempsey* II).  In relevant part, the court found defendants' notices of removal were untimely.  Defendants removed both actions on the basis that plaintiffs' state labor claims were federally preempted by section 301 of the Labor Management Relations Act (LMRA) because plaintiffs' claims were controlled by collective bargaining agreements.  *Id.* at 2–3; Notice of Removal Ex A, ECF No. 1-3 (*Dempsey* I).  Although the court found the complaints themselves did not invoke federal jurisdiction, the court held defendants possessed documents—the collective bargaining agreements—giving them knowledge that federal jurisdiction existed at the time the complaint was filed.  *Id.* at 5–6.  Because defendants had internal knowledge of federal jurisdiction but did not remove the actions until after the thirty-day removal window had passed, the court granted plaintiffs' motions to remand.  *Id.*

Defendants have again removed these actions, arguing federal preemption under the LMRA gives this court original jurisdiction.  *See Dempsey, et. al. v. Raley's* (*Dempsey* III), 22-cv-1506; *Dempsey v. Raley's et al.* (*Dempsey* IV), 22-cv-1507.[1]  Defendants argue this court applied the incorrect legal standard in its prior order remanding the case and new facts allow for the successive removals of the actions.  *See generally* Notice of Removal, ECF No. 1.  Plaintiffs move to remand both cases.  Mot. to Remand, ECF No. 6; *see also* ECF No. 7 (*Dempsey* IV).  Briefing is now complete.  Opp'n, ECF No. 8; Reply, ECF No. 10; Obj., ECF No. 11; Resp. to Obj., ECF No. 13.  The court will address both motions in this order.

---

[1] As the same parties and allegations are at the center of the two cases, most of the relevant documents filed are identical.  For ease of citation, the court cites to the docket of the Dempsey case no. 22-cv-1506 (*Dempsey* III) as the default and includes citations to the docket of *Dempsey* VI when necessary.

1  **II.   ANALYSIS**

2      Plaintiffs move to remand both cases, arguing defendants' grounds for their successive

3  removals are invalid.  Mot. for Remand at 2, 14.  The court finds defendants are procedurally

4  barred from their successive removals and grants plaintiffs' motions.

5      As a general rule, "once a district court has remanded a case, a defendant . . . may not

6  remove the case to federal court a second time." *Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of*

7  *Cal.*, No. 12–1071, 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012).  "'Stated differently, a

8  party is not entitled to file a second notice of removal upon the same grounds where the district

9  court previously remanded the action.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055,

10 1062 (C.D. Cal. 2014) (quoting *Allen v. UtiliQuest, LLC.*, No. 13–4466, 2014 WL 94337, *2

11 (N.D. Cal. Jan. 9, 2014)).  That general rule, however, does not apply "when subsequent

12 pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.*,

13 933 F.2d 729, 732 (9th Cir. 1991) (internal quotation marks omitted, emphases in original); *see*

14 *also Barahona v. Orkin*, No. 08–04634, 2008 WL 4724054, at *2 (C.D. Cal. Oct. 21, 2008)

15 (successive removals must be based on "newly discovered facts not available at the time of the

16 first removal").  A change in circumstances can include new binding case law, *Rea v. Michaels*

17 *Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014), or a change in facts of the case, *Reyes v. Dollar*

18 *Tree Stores*, 781 F.3d 1185, 1189–90 (9th Cir. 2015) (allowing a successive removal motion after

19 the state court certified a broader class than alleged by plaintiff at the time of the first removal).

20     Defendants argue receipt of a recent deposition transcript that discussed the "negotiation

21 history and interpretation of the" collective bargaining agreements and "authenticated two"

22 agreements governing plaintiffs' working conditions constitutes the change in circumstances

23 necessary to allow the successive removals.  Opp'n at 15–17.  But even if defendants did not have

24 this testimony at the time of the first removals, the information in this transcript does not "reveal

25 a new and different ground for removal." *Kirkbride*, 933 F.2d at 732 (internal marks omitted).

26 Defendants' argument for why removal is proper in these instances is the same argument they

27 relied upon in their first removal notices: federal preemption by the LMRA because of the

28 existence of controlling collective bargaining agreements.  *Compare* Compl. at 12, *with* Notice of

1   Removal at 5, ECF No. 1 (*Dempsey* I).  The evidence cited does not "put [] defendant[s] in a

2   different position compared to where [they] stood during the first removal, in the sense that the

3   new facts gave [] defendant[s] a newfound ability to allege federal jurisdiction that [they] did not

4   have during [their] first removal."  *Waters v. Kohl's Dep't Stores, Inc.*, No. 18-00328,

5   2018 WL 1664968, at *4 (C.D. Cal. Apr. 4, 2018).  New evidence in the form of the deposition

6   testimony supporting the same position is not enough.  *Cf. Morley v. United Parcel Serv., Inc.*,

7   No. 08-0799, 2009 WL 10671725, at *7 (C.D. Cal. Mar. 9, 2009) ("It cannot be the case that each

8   time a defendant receives more specific details about a known basis for federal jurisdiction a new

9   removal period begins.").

10          Even if defendants are correct that the court's prior order remanding the cases because

11  defendants did not investigate the possibility of federal jurisdiction was erroneous, Opp'n at

12  10–12, the court is now bound by the strict bar to successive removals, *see Leon*, 76 F. Supp. 3d

13  at 1061–62; *see also Waters*, 2018 WL 1664968, at *4 (collecting cases); *Seedman v. U.S. Dist.*

14  *Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (holding a court could not vacate its

15  prior erroneous remand order because the successive removal was based on the same grounds as

16  the first and therefore was not reviewable).  Because defendants' successive removals are not

17  based on new or different grounds, the court must remand the actions.

18  **III.   CONCLUSION**

19          For the reasons above, the court **grants plaintiffs' motions to remand in Dempsey III,**

20  **22-cv-1506 (ECF No. 6), and Dempsey IV, 22-cv-1507 (ECF No. 7)**.  The court remands both

21  matters to state court.  The Clerk of Court is directed to close both cases.

22          IT IS SO ORDERED.

23   DATED:  October 4, 2023.

24  _____
    CHIEF UNITED STATES DISTRICT JUDGE